UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TODD E. COOK, | ) | Case No. CV 10-4944-OP |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION; ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| Defendant. | ) | |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 7, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.
# **DISPUTED ISSUE**

As reflected in the Joint Stipulation, the only disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly relied on the Medical-Vocational Guidelines. (JS at 3.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# **DISCUSSION**

**A.   The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of untreated seizure disorder and borderline intellectual functioning. (Administrative Record ("AR") at 22.) The ALJ further found that Plaintiff has the residual functional capacity

("RFC") to perform a full range of simple routine tasks at all exertional levels, "*retain[ing] the ability to work in a supervised setting*," and the ability to climb, bend, crouch, kneel, crawl, and stoop. (Id. at 23 (emphasis added).) The ALJ found the following limitations on Plaintiff's ability to work: Plaintiff is restricted from driving, working around or in proximity to heights, and operating heavy or dangerous machinery. (Id.)

**B.     The ALJ's Reliance on the Medical-Vocational Guidelines.**

Plaintiff contends that the ALJ improperly relied solely on the Medical-Vocational Guidelines ("Guidelines") in making his disability determination because Plaintiff suffers from severe nonexertional limitations that significantly affect his ability to perform gainful activity. (JS at 4-7.) Specifically, Plaintiff contends that "[Plaintiff's] limitation to *only* working in a supervised setting represents 'sufficiently severe' nonexertional limitations [sic], precluding the reliance on the Medical-Vocational guidelines and requiring the testimony of a vocational expert." (Id. at 7(emphasis added).)

It is well established that the ALJ may rely upon either the testimony of a vocational expert or by reference to the Guidelines to determine whether a plaintiff can perform work in significant numbers in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999) (citing Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring) (9th Cir. 1988)). The Guidelines consist of tables, commonly referred to as "grids," that provide a "short-hand method for determining the availability and numbers of suitable jobs for a claimant." 20 C.F.R. § 404, subpt. P, app. 2; Tackett, 180 F.3d at 1101. The ALJ may rely solely on the Guidelines when the relevant grid "*completely and accurately* represent[s] a claimant's limitations. . . . In other words, a claimant must be able to perform the *full range* of jobs in a given category, i.e., sedentary work, light work or medium work." Tackett, 180 F.3d at 1101. Where a nonexertional limitation is sufficiently severe so as to significantly limit the range of work permitted by the

3

clamant's exertional limitation, a vocational expert's testimony is necessary. Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007) (quoting Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)); see also Thomas v. Barnhart, 278 F.3d 948, 960 (9th Cir. 2002); Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001).

Social Security Ruling 85-15[3] defines nonexertional impairments as follows:

> Any job requirement which is not exertional is considered nonexertional. A nonexertional impairment is one which is medically determinable and causes a nonexertional limitation of function or an environmental restriction. Nonexertional impairments may or may not affect a person's capacity to carry out the primary strength requirements of jobs, and they may or may not significantly narrow the range of work a person can do.
>
> . . . .
>
> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) . . . *to respond appropriately to supervision*, coworkers, and usual work situations; and to deal with changes in a routine work setting.

Soc. Sec. Ruling 85-15 (emphasis added). Nonexertional limitations limit the ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); 20 C.F.R. § 404.1569a(c). They include difficulty in: functioning because of nervousness, anxiety or depression; maintaining attention or concentration; understanding instructions; seeing or hearing; tolerating physical features of a work setting; and manipulative or postural functions (e.g., reaching,

---

[3] Social Security Rulings are binding on ALJs. Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

handling, stooping, or crouching). 20 C.F.R. § 404.1569a(c)(1). The severity of the impairment requiring the use of a vocational expert at Step Five is greater than the severity of the impairment required to find an impairment "severe" at Step Two of the ALJ's analysis. Hoopai, 499 F.3d at 1077.

In relying on the Guidelines, the ALJ stated:

> The claimant's ability to perform work at all exertional levels has been compromised by non-exertional limitations. However, these limitations have little or no effect on the occupational base of unskilled work at all exertional levels.
>
> A finding of "not disabled" is appropriate under the framework of section 204.00 in the Medical-Vocational Guidelines.

(Id. at 26.)

Here, it is not clear from the ALJ's decision the extent to which he considered Plaintiff's retaining the ability to work in a supervised setting to be a nonexertional limitation. In fact, the ALJ may have meant that Plaintiff was able to interact appropriately with supervisors and coworkers rather than that he *required* supervision. This latter interpretation is supported by the fact that the ALJ subsequently omitted his reference to Plaintiff's ability to work in a supervised setting when he reiterated his RFC finding, stating:

> As noted above, the undersigned Administrative Law Judge has found that the claimant has the residual functional capacity to perform a full range of work at all exertional levels with the ability to climb, bend, and stoop frequently, but with the non-exertional limitations that the work be limited to the performance of simple routine tasks . . . .

(Id. at 24.)

This ambiguity also is not resolved by a review of the medical records. Although the ALJ noted that his RFC finding was "generally consistent" with the reports of consultative examiners Dr. Ahmad R. Riahinejad, Dr. Brian Ahangar,

5

Dr. P. E. Boetcher, and Dr. C. H. Dudley (id. at 25), the Court notes that the evidence regarding this "limitation" is conflicting.[4] For example, Dr. Ahangar opined that Plaintiff, due to his seizure disorder, "does have limitations in the workplace . . . . He should not be in an unsupervised setting." (Id. at 134.) In contrast, Dr. Dudley opined that Plaintiff was "not significantly limited" in his ability to "sustain an ordinary routine without special supervision." (Id. at 167.) Similarly, Dr. Riahinejad, a consulting psychologist, noted that Plaintiff "is currently able to understand, remember and carry out simple repetitive instructions without much difficulty . . . . The claimant is able to accept instructions from a supervisor and relate with coworkers." (Id. at 153.) Nonetheless, if the ALJ intended to state that Plaintiff *required* a supervised setting, this could potentially limit Plaintiff's occupational base.

Accordingly, this action should be remanded to allow the ALJ to address the ambiguity in his finding that Plaintiff "retains the ability to work in a supervised setting," and to determine whether to again rely on the Guidelines or to obtain the testimony of a vocational expert at Step Five of his decision.

## C.     **This Case Should Be Remanded for Further Administrative Proceedings.**

The law is well established that remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Remand for payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525,

---

[4] Additionally, to the extent the ALJ intended Plaintiff's retaining the ability to work in a supervised setting to be a nonexertional limitation, it is not clear the extent to which he attributed this "limitation" to either, or both, of Plaintiff's severe impairments (i.e., his untreated seizure disorder and borderline intellectual functioning). (Id. at 22-23.)

6

527 (9th Cir. 1980); where the record has been fully developed, <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, <u>Bilby v. Schweiker</u>, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the Court concludes that further administrative proceedings would serve a useful purpose and remedy the administrative defects discussed above.

### IV.
### ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: May 19, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge